## H. Moody *et al. v.* Chas. Galigher & Son.

**Attachment — Knowledge of Existing Incumbrance.**

An attachment suit charging a conveyance by deed of trust for the purpose of defrauding creditors will be dismissed where a creditor enters into a contract of sale of merchandise with full knowledge of the existence of the incumbrance at the time.[1]

**Instructions.**

It is error to refuse instructions that embody uncontradicted facts proven at the trial.[2]

This was an attachment suit instituted in the Circuit Court of Copiah county, charging fraud in the procurement of goods, wares, and merchandise by the appellant of the appellee and that appellant had disposed of, or was about to dispose of, his property or rights in action for the purpose of defrauding his creditors. All of which was denied by defendant. The evidence showed that defendant was operating a general merchandise store in Hazle-

---

[1]

Actual notice of a deed is as effective as notice by record. Myers *v.* Buchanan, 46 Miss. 397; Buck *v.* Payne, 50 Miss. 648.

If a purchaser of personal property embraced in an unrecorded mortgage, knows facts which, if followed up, will discover the existence of the mortgage, he is under duty to make the investigation, and failing in this, he is charged with such knowledge as the inquiry would have disclosed. But he is not bound to attend to vague rumors circulated by strangers or persons having no interest in the property. Buck *v.* Payne, 50 Miss. 648.

[2]

Where there is evidence to establish a material fact, it is error to refuse instructions as to its effect, although the weight of evidence may tend to disprove it. Levy *v.* Gray, 56 Miss. 318; Nichols *v.* State, 46 Miss. 284; Hursey *v.* Hassam, 45 Miss. 133.

In a suit on an insurance policy where a forfeiture is claimed, and on appeal the bill of exceptions recites that there was evidence "tending to show" certain facts sufficient to avoid a forfeiture of the policy, the refusal of proper instructions based on such facts will be held erroneous. Rivara *v.* Insurance Co., 62 Miss. 720.

Though the court may not charge upon the weight of evidence, it is not error to assume as true a fact which is fully established and as to which there is no controversy. Carberry *v.* Burns, 68 Miss. 573, 9 So. 290; Railway Co. *v.* Phillips, 70 Miss. 14, 11 So. 602.

hurst and that he was indebted to some New Orleans merchants at the time he contracted the debt sued on by plaintiffs, and also that there was a " running deed of trust " upon his stock of goods in favor of John P. Richardson, one of his creditors, which fact he made known to plaintiff's agent when the debt sued on was contracted, and that the agent told him " it was all right, that would make no difference." No evidence was offered by plaintiffs. The following instructions were asked by defendant and refused:

" The court instructs the jury that if they believe from the evidence that plaintiffs, prior to any dealings with the defendant, had knowledge of and consented to defendant's merchandising with a deed of trust upon his stock by a third party, then the deed was no ground to sustain their issue and they will be warranted in finding the attachment wrongfully sued out."

From a judgment sustaining the attachment, defendant appeals.

APPEALED from Circuit Court, Copiah county, T. J. WHARTON, Judge.

Reversed and remanded, March 22, 1886.

*Attorneys for appellant, Calhoon & Green.*

*Attorney for appellee, H. C. Conn.*

Brief of Calhooon & Green:

\* \* \* The refusal of the instruction asked by Moody, to the effect that the trust deed was no ground of attachment of itself if plaintiff had knowledge of it before the dealings, was palpably erroneous. Moody *v.* Galigher, MSS. Opinion.

Because of this the case was reversed before. Moody himself was the only witness, and he testified distinctly to telling plaintiff's agent before the dealings that his " backers in New Orleans held a running deed of trust on his stock," and the agent said it made no difference and sold him the goods.

The case is precisely as it was formerly.

Brief of H. C. Conn:

\* \* \* The court did not err in refusing the first instruction for defendant. That instruction would have instructed the jury

that these deeds of trust could not be considered at all in their consideration upon the question before them. While it may be admitted that all these deeds of trust, including the Cottam deed, were not sufficient to sustain the attachment, yet it would have been error in the court to give an instruction ruling them entirely out of the case.

When this case was before this court originally there was nothing but the deed of trust to Richardson, if there was one, and Moody's testimony that the deed of trust offered by plaintiff was a renewal of that supposed deed. In this trial defendant undertook to show what deeds existed at the beginning of his dealings with plaintiff, and it appears to be a deed to Cottam & Co., and not to Richardson at all.

The jury had a right to consider all these facts unembarrassed by instruction such as was asked.

See opinion in case of Moody *v.* Galigher referred to in appellant's brief.

OPINION.—COOPER, C. J., delivered the opinion of the court:

The court should have given the first instruction asked for by the defendant. It correctly announced the law as declared by this court in this case on a former appeal.

*Reversed* and remanded.